IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTIANA M. EVICK,[1] § 
§ No. 275, 2016
Defendant Below- §
Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID 1210000176
Plaintiff Below- §
Appellee. §

Submitted: January 31, 2017
Decided: March 15, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 15th day of March 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Christiana Evick, filed this appeal from the Superior Court's judgment denying her first motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Evick's opening brief that her appeal is without merit. We agree and affirm.

---

[1] We identify the appellant using the spelling found in the Superior Court docket. We note, however, that the appellant has signed her court filings "Christina M. Evick."

(2) The record reflects that Evick and her codefendant, Michael Emory, were arrested in December 2012 and charged with two counts of Murder in the First Degree and multiple related felonies arising from the shooting deaths of an elderly couple during a home invasion robbery. On September 18, 2013, Evick pled guilty to two counts of Criminally Negligent Homicide and one count each of Burglary in the First Degree, Robbery in the First Degree, Felony Theft, and Possession of a Firearm During the Commission of a Felony. On November 1, 2013, the Superior Court sentenced her to a total period of fifty-nine years at Level V incarceration, to be suspended after thirty-six years for decreasing levels of supervision. Evick did not file a direct appeal.

(3) On September 16, 2015, almost two years after her convictions became final, Evick filed her first motion for postconviction relief under Superior Court Criminal Rule 61, asserting that her trial attorneys were ineffective for: (i) failing to advise her that her conduct did not constitute the offenses charged; (ii) coercing her into taking a plea; (iii) failing to negotiate a better plea offer; (iv) failing to object when the judge sentenced her with a closed mind; and (v) failing to file a motion for reduction of sentence within ninety days of sentencing. After receiving affidavits from both of Evick's

2

trial attorneys and Evick's reply to the affidavits, the Superior Court denied her motion on its merits. This appeal followed.

(4) In reviewing the Superior Court's denial of a motion for postconviction relief, this Court first must consider the procedural requirements of Rule 61 before it may consider the merits of any postconviction claims.[2] Rule 61(i)(1), in relevant part, requires a motion for postconviction relief to be filed within one year after a conviction becomes final.[3] Under Rule 61(i)(5), the one year limitations period does not apply to a claim that the Superior Court lacked jurisdiction or to a claim that satisfies the pleading requirements of Rule 61(d)(2),[4] which requires a defendant to plead with particularity that: (i) new evidence exists that creates a strong inference that the defendant is actually innocent; or (ii) a new retroactive constitutional rule of law applies to invalidate the defendant's convictions.[5]

(5) Evick's motion was not filed within one year of her convictions becoming final. Nor did her motion set forth a claim that met the pleading requirements of Rule 61(i)(5) in order to overcome the one-year limitations period. Thus, the Superior Court erred in holding that Evick's motion was timely filed. Nonetheless, we affirm the Superior Court's judgment on the

---

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[3] Super. Ct. Crim. R. 61(i)(1) (2017).
[4] Del. Super. Ct. Crim. R. 61(i)(5) (2017).
[5] Del. Super. Ct. Crim. R. 61(d)(2) (2017).

independent and alternative procedural ground that Evick's motion was untimely.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[6] *Torrence v. State*, 2010 WL 3036742 (Del. Aug. 4, 2010).

4